21-240-cv
*S.J. v. N.Y.C. Dep't of Educ.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-two.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> > *Circuit Judges*.

---

S.J., Individually and on behalf of K.H., a child with a disability,

> *Plaintiff-Appellant*,

> v.                                                                     21-240-cv

New York City Department of Education,

> *Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:     BENJAMIN M. KOPP (Andrew K. Cuddy, *on the brief*), Cuddy Law Firm, P.L.L.C., Auburn, NY.

FOR DEFENDANT-APPELLEE:     JANET L. ZALEON (Richard Dearing, Claude S. Platton, *on the brief*), *for* Georgia M. Pestana, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment and orders of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of the district court are **AFFIRMED**.

Plaintiff-appellant S.J. appeals from the district court's award of attorneys' fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), following an administrative proceeding that ordered defendant-appellee New York City Department of Education ("DOE") to provide certain compensatory services to S.J.'s child, who has a disability. S.J. contends that the district court erred on numerous grounds including, *inter alia*, adopting the hourly rates recommended by the magistrate judge in his Report and Recommendation ("R&R"), reducing the hours billed by S.J.'s attorneys in connection with the federal fees litigation, and failing to award prejudgment interest. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's award of attorneys' fees for abuse of discretion. *See Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019). "Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential." *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam). "This high degree of deference is appropriate because '[w]e can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it.'" *Lilly*, 934 F.3d at 227 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). Thus, under this deferential standard, a district court abuses its discretion if it: "(1) bases its decision on

2

an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Id*.

In any action or proceeding brought under the IDEA, a court "may award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). Such fees must be "reasonable" and "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 79 (2d Cir. 2005) (quoting 20 U.S.C. § 1415(i)(3)(B)-(C)). Within this framework, district courts "determin[e] a reasonable hourly rate by considering all pertinent factors, including the *Johnson* factors [as articulated in *Johnson v. Georgia Hwy. Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 109 (1989)], and then multiply[] that rate by the number of hours reasonably expended to determine the presumptively reasonable fee." *Lilly*, 934 F.3d at 230.

Upon review of the record, we find no abuse of discretion in the district court's determination of the award of attorneys' fees and costs.[1] The district court found that the hourly rates assigned to S.J.'s attorneys, including the associates, are reasonable and align with what

---

[1] As a threshold matter, we find unpersuasive S.J.'s contention that the district court applied the wrong legal standard in its review of the R&R. The district court specifically and correctly stated that "[a] district court must conduct a *de novo* review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge," Special App'x at 36 (citing 28 U.S.C. § 636(b)(1)), and the remaining portions of the report as to which no objections were made are reviewed for clear error, *id*. S.J.'s other arguments regarding purported errors in the district court's application of the legal standards are likewise without merit.

similarly qualified attorneys would receive in a matter of comparable complexity in the district. The district court properly exercised its discretion with respect to the rates by considering, among other things, the experience level of the attorneys, as well as the fact that S.J. prevailed in an uncontested proceeding that lasted less than two hours and focused on relatively straightforward issues. *See, e.g.*, *id.* at 232 (a district court may consider "the novelty or complexity of a case in determining the reasonable hourly rate or hours billed"). The district court also did not abuse its discretion in reducing the hours S.J.'s attorneys billed to the federal litigation based on a finding that a competent attorney should not have needed more than this amount of time to litigate the fee petition. *See id.*; *Fox*, 563 U.S. at 838 ("We emphasize, as we have before, that the determination of fees should not result in a second major litigation." (internal quotation marks omitted)). We similarly conclude that the district court was well within its discretion in reducing the award of photocopying costs, as well as denying reimbursement for attorneys' time to serve process. Nor is there any basis to disturb the district court's determination that, "[a]ssuming the Court has discretion to award prejudgment interest, the Court agrees with the [R&R] that Plaintiff is adequately compensated by the award as modified." Special App'x at 43.

We have considered all of S.J.'s remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment awarding attorneys' fees for substantially the same reasons stated in its January 12, 2021 and January 26, 2021 orders.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4